Rolando Muniz, #81986-280
P.O. Box 1000
Otisville, NY   10963

February 8,   2020.

Clerk of Court
Pro-Se Department
U.S. Court House
4th & Cooper Streets, Room #1050
Camden, NJ   08102

RECEIVED

FEB 15 2022

AT 8:30_____M
WILLIAM T WALSH
CLERK

PRO SE CIVIL COMPLAINT

Dear Sir/Madame:

I am a Federal Inmate currently incarcerated in FCI Otisville.   I
am enclosing five copies of:   (1) Signed Complaint along with all
the exhibits, (2) In Forma Pauperis Forms, and (3) Request for
Cousel.

        Please be advised that although it was signed and ready on
January 10, 2020 but due to the continued locked downs for past
many many months, it was virtually impossible to put together the
entire package--we are still in full locked down.

        Secondly, the Prison Officials here can only give me Inmate
Account Balance summary for the period of my stay here at this
institution--which is for approximately six months.

        If there is anything more that you need from me, please do
not hesitate to write to me at the above address.

Sincerely,



Rolando Muniz, #81986-280)

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**Rolando Muniz,**

(Enter above the full name of the plaintiff in this action)

V.

**United States of America,**

**Federal Bureau of Prison,**

**Dr. Abigail Lopez de Lasalie, and**

**John and Jane Does,**

(Enter the full name of the defendant of defendants in this action)

COMPLAINT

Civil Action No. _____

(To be supplied by the Clerk of the Court)

RECEIVED

FEB 1 5 2022

## INSTRUCTIONS; READ CAREFULLY

1.     This complaint must be legibly handwritten or typewritten, signed by the plaintiff and   subscribed to under penalty of perjury as being true and correct.  All questions must be answered concisely in the proper space on the form.  Where more space is needed to answer any question, attach a separate sheet.

2.     In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.     You must provide the full name of each defendant or defendants and where they can be found.

4.     You must send the original and one copy of the complaint to the Clerk of the District Court.  You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5.     Upon receipt of a fee of $402.00 (a filing fee of $350.00, and an administrative fee of    $52.00), your complaint will be filed.  You will be responsible for service of a separate summons and copy of the complaint on each defendant.  See Rule 4, Federal Rule of Civil Procedure.

6.    If you cannot prepay the $402.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. §1915. (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7.    If you are given permission to proceed in forma pauperis, the $52.00 Administrative Fee will not be assessed. The Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a.   Jurisdiction is asserted pursuant to (CHECK ONE)

_____   42 U.S.C. §1983 (applies to state prisoners)

__X__   Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below: **Federal Tort Act, 28 U.S.C. §2671, and Rehabilitation Act, 29 U.S.C. §701**

1b.   Indicate whether you are a prisoner or other confined person as follows:

___ Pretrial detainee

___ Civilly-committed detainee

___ Immigration detainee

___ Convicted and sentenced state prisoner

_X_ Convicted and sentenced federal prisoner

___ Other: (please explain)_____

2.    Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or ~~detained in any facility, that was dismissed as frivolous or malicious, or~~ for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a.    Parties to previous lawsuit:          **NONE**

Plaintiff(s): _____**N/A**_____

_____

Defendant(s):_____**N/A**_____

_____

b.    Court and docket number:__**N/A**_____

c.    Grounds for dismissal: ( )    frivolous    ( ) malicious

**N/A**            ( )    failure to state a claim upon which relief may be granted

d.    Approximate date of filing lawsuit:_____**N/A**_____

e.    Approximate date of disposition:_____**N/A**_____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3.    Place of Present Confinement?   **Federal Corrections Institution** Otisville

4.    Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

a.    Name of plaintiff:   **Rolando Muniz**_____

Address: **P.O. Box 1000, Otisville, NY   10963**

Inmate#: **81986-280**

b.    First defendant: **United States of America**

Name: **United States of America,**

Official position: **U.S. Government**

Place of employment: **U.S. Government**

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

**Dr. Abigail Lopez de Laslie and John and Jane Does whose actions resulted in the amputation of Plaintiff's toe, were in the employment of Federal Bureau of Prisons (FBOP) and FBOP is an Government Agency of United States of America,**

c.    Second defendant:

Name: **Federal Bureau of Prison**

Official position: **Government Agency**

Place of employment: **United States of America**

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

**FBOP is a Government Agency of United States of America and Dr. Lopez, John and Jane Does, whose actions resulted in the amputation of Plaintiff's toe, were employed by FBOP.**

d.    If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

5.    I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

      X Yes          No

      If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

      Plaintiff's BP-8, BP-9, BP-10, and BP-11 were denied by FBOP.
      See FBOP's denial, Exhibit     .
      _____
      _____
      _____

      If your answer is "No," briefly explain why administrative remedies were not exhausted.

      _____
      _____N/A_____
      _____
      _____

6.    Statement of Claims

      (State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

      _____
      _____See the detailed Complaint along with the Exhibits
      _____
      _____
      _____
      _____
      _____

7.    Relief

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

Plaintiff seeks damages in the amount of $ 10,000,000.00 (Ten Million Dollars) for the loss of toe.

8.    Do you request a jury or non-jury trial? (Check only one)

(**x**) Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this **10th** day of **January** , 20 **22**

Signature of plaintiff*

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT
HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF.
REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).

IN THE UNITED STATES DISTRICT COURT
FOR NEW JERSEY


ROLANDO MUNIZ,

            Plaintiff,

                                        COMPLAINT
V.                          BIVENS, TORT, & REHABILITATION ACT


UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,              RECEIVED
DR. ABIGAIL LOPEZ DE LASALIE
JOHN AND JANE DOES                       FEB 1 5 2022

            Defendants,
                                        AT 8:30_____ M
                                        WILLIAM T. WALSH
                                            CLERK


PLAINTIFF'S CIVIL COMPLAINT UNDER BIVENS, FTCA AND
REHABILITATION ACT


        COMES, Plaintiff Rolando Muniz, hereafter Plaintiff or Muniz

and asserts claims against United States of America, Federal

Bureau of Prison (here after FBOP), Dr. Abigail Lopez de Lasalie

(hereafter Dr. Lopez), and John and Jane Does hereafter "Does" of

Fairton Health Services pursuant to Bivens v. Six Unknown Named

Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct.

1999, 29 L. Ed.2d 619 (1971) (the Bivens), Federal Tort Claims

Act, 28 U.S.C. §2671 et seq (the "FTCA"), and the Rehabilitation

Act of 1973, 29 U.S.C. §701 et seq (the "Rehabilitation Act").

Plaintiff seeks monetary relief in the amount of $ 10,000,000.00

(Ten Million Dollars)

A.   JURISDICTION AND CIVIL ACTIONS BROUGHT AGAINST THE DEFENDANTS

     1.   Plaintiff brings Bivens claims under the doctrine announced in <u>Bivens V. Six Unknown Agents,</u> for money damages from the defendants who deprived Plaintiff of his constitutional right, as a result of which Plaintiff has been deprived of his toe for the rest of his life at this young age of 39.

     2.   Of the three cases, <u>Bivens,</u> <u>Davis,</u> can <u>Carlson</u>, where the Supreme Court had approved of implied damages remedy under <u>Bivens</u>, Plaintiff's case falls closest and analogous to <u>Carlson</u>. In Carlson, BOP officials's negligence and/or deliberate indifference and denial of Asthma medicine resulted in the death of Carlson. In Plaintiff's case, the defendants, who were BOP's employee in FCI Fairton, New Jersey, took Plaintiff off his diabetes medicine, soft shoe pass and bottom bunk pass notwithstanding Plaintiff's supplications and without any blood test to determine his accurate AlC level and/or consideration that his last AlC reading was due to the fact that Plaintiff was in SHU, where he had practically starved for the past 10 months. Defendants refused to provide the wound care of Plaintiff's toes on 6 out of 10 days and changed the documents to make it look as if it was Plaintiff who had refused the wound care.   As a direct result of Defendant's actions Plaintiff's diabetic ulcers were infected all the way to his bone which resulted in the amputation of Plaintiff's toe;

     3.   Plaintiff also brings this Civil claim under Federal Tort Claims Act (FTCA) against United States, BOP, and its

2

Federal employees in FCI Fairton, New Jersey, because Plaintiff's injuries and loss of his vital body part was caused by negligence, deliberate indifference and ommissions of the Federal Government employees while they were acting within the scope of their employment.

Plaintiff also brings this civil action under "Rehabilitation Act. Plaintiff has a life long disability of diabetes, and he qualifies to have medication for his disablity; but the defendants who were BOP employees in FCI Fairton, New Jersey, individually and collectively denied him the benefit solely because of his disability because they could; and the FBOP is an government agency which receives federal financial assistance.   See 29 U.S.C. §794(a).

B.   INTRODUCTION, PARTIES
PROCEDURAL HISTORY AND PROSE PROCEEDING

Plaintiff Rolando Muniz, #81986-280, a pro se litigant (here after Muniz, or Plaintiff) is a Federal Prisoner currently incarcerated in FCI Otisville.   Plaintiff has been in the custody of Federal Bureau of Prison (FBOP) ever since his conviction on 8/23/11.   Plaintiff requests this court to construe Plaintiff's Civil Complaint liberally as he is a pro se litigant who is not knwledgeable in law.   "[A] pro se party's pleadings must be liberally construed in his favor and are held to a less stringent standard than the pleadings drafted by lawyers." See Hughes v.

3

Rowe, 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)

Plaintiff has exhausted his Administrtive Remedies by filing his BP-8, BP-9, BP-10, BP-11 with FBOP.  See FBOP's denials attached as Exhibits 4.

Federal Bureau of Prison is an agency of United States of America responsible to provide for the "safe keeping, care, and subsistence' of all inmates and detainees in its custody--18 U.S.C. §4042(a)(2)--independent of any inconsistent state rule.

Defendant Abigail Lasalle Lopez is a Health Care Provider and care giver employed by FBOP in FCI Fairton for the medical needs of Federal inmates in FCI Fairton including Plaintiff.

John and Jane Does are care givers and Health Care Providers employed by BOP in FCI Fairton in the state of New Jersey for the medical needs of Federal inmates in FCI Fairton including Plaintiff.

## C.  BACKGROUND AND STATEMENT OF FACT

1.  When Plaintiff was incarcerated in Federal Holding in San Antonio, TX GEO in 2011, he was first diagnosed to be diabetic by his health care provider.  When Plaintiff arrived at MCR in 2014, he was fully diabetic and was on medication;  See Medical Documents Exhibit 1;

2.  Based on the fluctuations of Plaintiff's AlC level fluctuations in FCI Mariana, from time to time, Ms. Gardner increased or decreased Plaintiff's Metformin dose from 500 to 1000  gms and kept Plaintiff's AlC level and diabetes under

check;   See   the Medical Records Exhibit 1;

3.   Due to Plaintiff's diabetic ulcers on his feet, Dr. Gardner also authorized Plaintiff to have soft shoe pass;   See the Medical Documents Exhibit 1;

4.   Because of Plaintiff's foot ulcers, Dr.   Gardner also authorized him to a bottom bunk pass; See the Medical Documents Exhibit 1;

5.   From 2017 to 2018, Dr. Gardner was able to regulate Plaintiff's A1C and diabetes by a careful change of Metformin dose levels.   During this time she also referred Plaintiff to an outside specialist who concurred with her medical regimen of Metformin and to the soft shoe prescription; See Medical Documents Exhibit 1;

6.   On September 18, 2018, when Plaintiff was still in FCI Marianna, he was placed in SHU  (Special Housing Unit, aka "Hole).   Although, a few months later Plaintiff was transferred to the SHU in FCI Yazoo, yet he was still under the care of Dr. Gardner; See  Exhibit 5;

7. Plaintiff remained in the SHU for a total of over 10 months, where he practically starved.  As a result his A1C came down to 6.1, so in June 2019 and Doctor Alexander reduced Plaintiff's Metformin dose to 500 gms per day; See Exhibit 7;

8.   By the end of 10 months sometime in July 2019, Plaintiff was transferred to FCI Fairton where he was released to prison population, his A1C in SHU had fallen 6.1; See Exhibit 7;

9. On July 2019 Plantiff was seen by his new health care provider Ms. Lopez in FCI Fairton;  See Medical Documents Exhibit

5

2;

10.   Without ordering a blood test, solely based on the
blood test results of 6.1 AlC, which was taken when Plaintiff was
still in SHU, Dr. Lopez told Plaintiff that she was taking
Plaintiff off the diabetes medicine as in her opinion Plaintiff
was not Diabetic; See Exhibit 2;

11. Plaintiff explained  to Dr. Lopez in details that, that
AlC reading was taken at a time when he had been starving in the
SHU for 10 months, and that his AlC will be considerably high now
that he was out in regular population because he indeed was a
diabetic.  Plaintiff pleaded to Dr. Lopez to let him remain on
Metformin until the blood test, but all his supplications fell on
deaf ears;  See Plaintiff's Affidavit Exhibit 2, and Exhibit 2;

12.  Dr. Lopez said that there was no point for BOP to spend
money for something Plaintiff did not need;

13.  Plaintiff requested Dr. Lopez to renew his Soft Shoe
pass and Bottom Bunk pass to protect him from diabetic ulcers;

14.  Without ordering any blood test or even checking
plaintiff's feet and toes for diabetic ulcers, Dr. Lopez refused
to renew (1)  Plaintiff's diabetes medication, (2) soft shoe
pass, or (3) the bottom  bunk pass because she said she will not
let "BOP pay for something Plaintiff  did not need;" See
Plaintiff's Affidavit Exhbit 2 and Exhbit 5;

15.  Plaintiff's diabetic medicine, soft shoes pass and
bottom bunk pass were cancelled and he was forced to wear the
institutional hard shoes, and to cell on the top bunks with
diabetic ulcers which kept deproving at a very fast pace; See

6

Exhibit 5;

16. As a direct result of Plaintiff's denial of the diabetes medicine, within less than 3½ months by November 2019, Plaintiff's diabetes skyrocketed and his diabetic blisters on feet were full of puss and were painful; See Exhbit 3;

17. Plaintiff sent at least two written and several verbal complaints to medical staff; See Exhbit 3 and 5;

18. On November 7, 2019, Plaintiff was seen by medical staff and a culture was performed and a daily wound care was prescribed. However, on at least 6 out of 10 days, medical staff refused the wound care citing staff shortages and Plaintiff was sent back to the Unit. As a result Plaintiff's wound got worse; suppurating 24 hours a day where Plaintiff was in extreme pain; See Exhbit 3 & Exhibit 5;

19. On Saturday, November 16, 2019 when Plaintiff was in extreme agony, he showed his wounds to his Unit Officer D. Sterling and requested him to call the Medical to see him for his wound care. The medical told Officer Sterling to tell Plaintiff to come the next day and refused to see Plaintiff; see Exhbit 5;

20. The next day on Sunday, November 17, Plantiff again talked to Officer Sterling to call medical, but once again he was told to tell Plaintiff to come the next day. Although, on both of these days it was the medical who denied Plaintiff and Officer Sterling's requests for wound care, but the the medical falsely stated that Plaintiff had denied his scheduled wound care; See Exhibit 5;

21. On November 18, 2019, in the mainline Plaintiff met HSA

7

Murphy and showed him his festering wound and also reminded him
of the e-mail he had sent on November 17.  HSA Murphy immediately
took Plaintiff to  the medical where he was seen by Dr. Magan,
who told HSA Murphy that Plaintiff's condition was serious and
that he needed to be taken to Emergency Room immediately.
Plaintiff was taken to Inspiria County Hospital where he was seen
by Dr. Patel and Dr. Watson;  See Exhibit 3;

22.  Dr. Patel and Dr. Watson asked Plaintiff if he was a
diabetic. Plaintiff narrated the entire facts of how he was
diabetic but was taken off the medicine by Dr. Lopez.  Dr. Patel
and Dr. Watson immediately placed  Plaintiff on antibiotics which
was changed after the culture; See Exhbit 3;

23.  On Tuesday, November 20, 2018, Dr. Patel and Dr. Watson
ordered a MRI which revealed that Plaintiff's diabetic ulcers and
infection had spread to the bone and that his toe had to be
amputed; See Exhbit 3;

24. On Wednesday, November 22, 2018 Plaintiff's toe was
amputed by Dr. Patel and Dr. Watson and he was returned back to
prison on Friday, November 23, 2021; See Exhbit 3;

25. A blood test of Plaintiff later revealed that his AlC
had incresed  to 6.9 and that he was fully diabetic.  It was not
until December 2, 2021--10 days after Plaintiff had lost his toe
to a Diabetic Ulcer--that Dr. Lopez finally agreed to restart
Plaintiff's Metformin, where he remains until today.

8

### D.   PLAINTIFF'S STATEMENT OF CLAIM FOR RELIEF

1.   Bureau of Prisons is an Government agency of United States of America responsible to provide for the "safe keeping, care, subsitence," of all inmates and detainees.   18   U.S.C. §4042(a)(2) independent of any inconsistent state rule.

2.   For malpractice Plaintiff must demostrate (a) deviation or departure from accepted practice, and (b) evidence that such departure was a proximate cause of injury or damage;

3.   Under New Jersey Law, negligence claim requires a plaintiff to establish:   (1) that each named defendant owed the Plaintiff a particular duty relevant to the alleged injury; (2) that the defendant actually breached that duty; and (3) that the defendant's breach proximately caused the alleged injury.   See Keith v. Truck Stops Corps of Am, 909 F.2d 743, 745 (3d Cir. 1990)

4.   There was no  medical, financial or safety issues that necessitated to discontinue Plaintiff's diabetes medicine, soft shoe pass, and bottom bunk pass or the wound care and treatment of Plaintiff; Dr. Lopez' sole rational to do so was to  save money for her employer BOP;

5.   Dr. Lopez negligently and with deliberately indifferent failed to monitor and order the blood test of Plaintiff to ascertain the correct AlC levels before discontinuing Plaintiff's diabetes medicine, and soft shoes pass, and his bottom bunk pass;

6.   Dr. Lopez negligently and with deliberate indifference

9

chose to ignore Plaintiff's requests and the fact that
Plaintiff's medical record would conclusively show that Plaintiff
was a diabetic for over 10 years, and that his AlC level of 6.1
was temporary and a direct result of his detention in the SHU
where he starved for over 10 months.

7.  Dr. Lopez was negligent and deliberate indifferently to
Plaintiff's health when she took Plaintiff off his diabetic
medicine on which he was for over 10 years without the blood
test, where he had been placed on the medication by Dr. Gardner
and many other doctors and health care providers for over 10 plus
years, just to save money for BOP;

8.  Dr. Lopez negligently and with deliberate indifference
refused to check Plaintiff's diabetic foot ulcers on his feet;

9.  Dr. Lopez negligently and with deliberate indifference
cancelled the soft shoe pass of diabetic Plaintiff which had been
prescribed to him by Dr. Gardner, and forced Plaintiff to wear
hard institutional shoes which resulted in deterioration of
Plaintiff's foot ulcers;  See Exhbit 2 and 5;

10.  Dr.  Lopez and other John and Jane Does at the Fairton
Health Services negligently and with deliberate indifference
failed to clean the wounds of Plaintiff on more than 6 out of 10
days which resulted in further deterioration of Plaintiff's foot
ulcers and ultimate bone infection and amputation of Plaintiff's
toe; See Exhibit 7;

11.  Dr. Lopez and other John and Jane Does failed to see
Plaintiff on November 16 and November 17, 2019 when they were
called by officer D. Sterling on behalf of Plaintiff and then

10

forged the medical records to reflect that it was Plaintiff who had denied the wound care; See Exhbit 5;

12.   As a direct result of Dr. Lopez' neglect and deliberate indifference not to prescribe diabetic medication, Plaintiff's AlC and glucose level sky rocketed to where Plaintiff diabetic ulcers were infected and the infection ultimately spread to the bones of his toes; as a result Dr. Patel and Dr. Watson had to amputate Plaintiff's toe; See Dr. Patel and Dr. Watson's Report in Exhbit 4;

13.   As a Direct result of Dr. Lopez' negligence and deliberate indifference," Plaintiff has lost his toe at this young age of 39 and will have to function the rest of his life without this vital part of his body;

14.   As a direct result of Dr. Lopez and other John and Jane Does of FCI Fairton Health Services negligence and deliberate indifference, Plaintiff has suffered enormous pain, mental anguish, suffering and has lost a vital part of his body and will have to live without it and with the associated handicaps and trauma for the rest of his life.   In Monmouth County Correctional Institutional Inmate V. Lanzaro, 834 F.2d 326, 347 (3d. Cir. 1987), the Court held, "[D]eliberate indifference is demonstrated '[W]hen . . . prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment") In determining whether a duty exists, the Supreme Court of New Jersey applied a two-step analysis.   See Olivo v. Owens- Illinois, Inc, 186 N.J. 394, 895 A.2d 1143 (2006).   First the

11

Plaintiff must establish that the defendant could forsee the harm
to the plaintiff.  "Once the ability to foresee harm to a
particular individual has been established, . . . considerations
of fairness and policy govern whether the  imposition of a duty
is warranted."  Id at 1148.  "Whether imposiing a duty is fair
involves 'weighing, and balancing several factors--the
relationship between the parties, the nature of the attendant
risk, the opportunity and ability to exercise care, and the
public interest in the proposed solution.'"  Id at 1149.

    Plaintiff has clearly shown by the chrnology of the above
outlined facts that the medical care he was provided amounted to
a de facto complete denial of medicare, and the defendant Dr.
Lopez and other John and Jane Does could forsee the harm to
Plaintiff and had a duty to provide the medical care to
Plaintiff.


                          CONCLUSION


    Plaintiff requests this court to order a Judgement of $
10,000,000.00 (Ten Million Dollars) in favor of Plaintiff against
the Defendants as compensation for Plaintiff's pain, suffering,
injuries, damages, and for violation of Plaintiff's Fourteenth
Amendment, Eighth Amendment Constitutional rights.

    Plaintiff also requests this court to appoint him a counsel
under 18 U.S.C. §3006(A) because Plaintiff is a pro se and
indigent inmate who is not knowledgeable in law, and his
pleadings may please viewed liberally as viewed under Haines v.

                             12

**Kerner**, 404 U.S. 519, 520 (1972).  A copy Plaintiff's In Forma

Pauperis Motion is enclosed along with this Complaint.

Respectfully submitted on this 10th day of January 2022.

Rolando Muniz, #81986-280
P.O. Box 1000
Otisville, NY  10963

13