```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
ROLANDO MUNIZ,                :
                              :
          Plaintiff,          :   Civ. No. 22-0816 (NLH)(MJS)
                              :
     v.                       :   ORDER
                              :
                              :
UNITED STATES OF AMERICA,     :
et al.,                       :
                              :
          Defendants.         :
_____:
```

The Court shall grant Plaintiff's in forma pauperis application.  The Clerk shall be directed to file the complaint.  This case is subject to sua sponte screening by the Court, and the Complaint will be screened in due course.

IT IS therefore on this 6th day of April, 2022,

ORDERED that Plaintiff's application to proceed in forma pauperis, ECF No. 1-1, is hereby granted; and it is further

ORDERED that the Clerk shall file the complaint; and it is further

ORDERED that SUMMONS SHALL NOT ISSUE, at this time, as the Court's sua sponte screening has not yet been completed; and it is further

ORDERED that the time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date ninety (90) days after the Court permits the Complaint to proceed; and it is further

1

ORDERED that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the United States Attorney's Office for the Southern District of New York and the warden of FCI Otisville; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that the Warden of FCI Otisville or other appropriate official shall assess an initial payment of 20% of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.  The warden, or his or her designee, shall calculate, collect, and forward the initial payment assessed in this order to the Clerk of the Court within 21 days of this Order; and it is further

ORDERED that pursuant to Bruce v. Samuels, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with Bruce, until the $350.00 filing fee is paid.  Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is finally

ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.


At Camden, New Jersey

    s/ Noel L. Hillman    
NOEL L. HILLMAN, U.S.D.J.