```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                           :
ROLANDO MUNIZ,             :
                           :
          Plaintiff,       :     Civ. No. 22-0816 (NLH)(MJS)
                           :
     v.                    :     ORDER PROCEEDING COMPLAINT
                           :        AND APPOINTING COUNSEL
                           :            28 U.S.C. § 1915
UNITED STATES OF AMERICA,  :
et al.,                    :
                           :
          Defendants.      :
_____:
```

1.   Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and to dismiss any defendant who is immune from suit.  See 28 U.S.C. § 1915(e)(2)(B).

2.   Plaintiff, a federal prisoner, raises claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.; and the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a).  ECF No. 1.  He alleges that the Bureau of Prisons ("BOP") and BOP employees inadequately treated his diabetes during his incarceration at FCI Fairton, New Jersey, resulting in the amputation of his toe.  Id.  He seeks $ 10,000,000 in damages.  Id. at 7.

1

3.    This Court has screened the Complaint in this action for dismissal and has determined that the Complaint shall proceed in part.[1]

4.    The FTCA "operates as a limited waiver of the United States's sovereign immunity[,]" White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010), and a FTCA plaintiff may sue only the United States, CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."). Accordingly, the FTCA claims against the BOP and the individual defendants will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will permit the FTCA claim against the United States to proceed as Plaintiff plausibly alleges negligence by federal employees.[2]

5.    Plaintiff's Bivens claims against the United States and BOP must be dismissed. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."

---

[1] The Court's preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the complaint would survive a properly supported motion to dismiss filed by a defendant after service. See Richardson v. Cascade Skating Rink, No. 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

[2] The FTCA "allows plaintiffs to bring claims based on the action of Government employees when private persons engaging in analogous behavior would be liable under state law." CNA, 535 F.3d at 138.

F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).  A Bivens cause of action cannot be brought against a federal agency or the United States.  Id. at 486.

    6.  Plaintiff alleges Defendants Abigail Lopez de Lasalie and John and Jane Does violated his Eighth Amendment rights by being deliberately indifferent to his need for diabetic care.  The Supreme Court recognized a damages remedy for prison officials' failure to provide adequate medical treatment to a federal prisoner in Carlson v. Green, 446 U.S. 14 (1980); see also Ziglar v. Abbasi, 137 S. Ct. 1843, 1855 (2017).  Accepting the facts alleged in the complaint as true for screening purposes only and giving Plaintiff the benefit of all reasonable inferences, the Court will allow Plaintiff's Bivens claims against the individual Defendants to proceed.

    7.  Plaintiff also alleges violations of the RA, which states that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . . ."  29 U.S.C. § 794(a).  To state a claim under the RA, Plaintiff must allege "he is a qualified individual with a disability, who was precluded from participating in a program,

3

service, or activity, or otherwise was subject to discrimination, by reason of his disability." Furgess v. Pennsylvania Dep't of Corr., 933 F.3d 285, 288-89 (3d Cir. 2019).

8. According to the complaint: "Plaintiff has a life long disability of diabetes, and he qualifies to have medication for his disability; but the defendants who were BOP employees in FCI Fairton, New Jersey, individually and collectively denied him the benefit solely because of his disability because they could; and the FBOP is an government agency which receives federal financial assistance." ECF No. 1 at 11.

9. The Court presumes for screening purposes that Plaintiff is a qualified person with a disability, but Plaintiff "does not claim that he was excluded from any program on the basis of his disability. Rather he claims that he was denied medical treatment for his disabilities, which is not encompassed by the [Rehabilitation Act's] prohibitions." Iseley v. Beard, 200 F. App'x 137, 142 (3d Cir. 2006) (dismissing claims under the Americans With Disabilities Act); McClintic v. Pennsylvania Dep't of Corr., No. 12-6642, 2013 WL 5988956, at *11 (E.D. Pa. Nov. 12, 2013) ("[A] prisoner's medical condition typically does not provide a basis upon which to impose liability under the

ADA.").³  Cf. Furgess, 933 F.3d at 291 (distinguishing prison's failure to provide accessible showers from "allegations of medical malpractice or disagreements about medical treatment" under the RA).

10.  Moreover, "under the RA, the disability must be the sole cause of the discriminatory action . . . ." Id. at 291 n.25.  Assuming arguendo that a RA claim could be based on failure to provide medical treatment, Plaintiff has not sufficiently alleged that his diabetes was the sole cause of the denial of treatment.  His cursory statement that Defendants "denied him the benefit solely because of his disability because they could" is not supported by facts.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

11.  Plaintiff alleges elsewhere in his complaint that "Dr. Lopez said that there was no point for BOP to spend money for something Plaintiff did not need[.]"  ECF No. 1 at 14.  This factual allegation supports a plausible inference of Eighth

---

³ "Whether suit is filed under the Rehabilitation Act or under the Disabilities Act, the substantive standards for determining liability are the same." McDonald v. Com. of Pa., Dep't of Pub. Welfare, Polk Ctr., 62 F.3d 92, 95 (3d Cir. 1995)

Amendment deliberate indifference because, if true, Defendants refused to treat Plaintiff's diabetes for a nonmedical reason: cost. See Bush v. Doe (I), 858 F. App'x 520, 523 (3d Cir. 2021). For purposes of the RA however, it indicates Plaintiff's diabetes was not the sole cause of Defendants' actions. Furgess, 933 F.3d at 291 n.25. Therefore, Plaintiff's claim under the RA will be dismissed in its entirety for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).

12. The Court will dismiss the BOP from this action as all of Plaintiff's claims against the agency will be dismissed.

13. Plaintiff also requests the appointment of pro bono counsel. ECF No. 2.

14. There is no right to counsel in a civil case, see Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), but "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

15. In deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and, if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to

6

pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. Tabron, 6 F.3d at 155-57.

16. Plaintiff's FTCA claims against the United States and Bivens claims against the individual Defendants survived this Court's sua sponte review under § 1915; therefore, there is "arguable merit in fact and law" to continue reviewing the request under Tabron.

17. The Court finds that the Tabron factors weigh in favor of appointing counsel. The Court granted Plaintiff's application to proceed in forma pauperis. ECF No. 3. The Court concludes Plaintiff is unable to afford counsel on his own. More significantly, the Court notes Plaintiff's medical negligence and deliberate indifference claims are potentially complex, possibility requiring extensive discovery and expert testimony. Plaintiff is incarcerated in FCI Otisville, New York, making it difficult for him to conduct discovery on his own.

18. The Court will grant Plaintiff's motion for counsel and extend the time for service until further Order of the Court following counsel's appearance.

IT IS therefore on this 12th day of May, 2022,

ORDERED that the complaint shall proceed in part; and it is further

ORDERED that the FTCA claim against the Federal Bureau of Prisons, Abigail Lopez de Lasalie, and John and Jane Does, be, and hereby are, dismissed with prejudice, 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that the constitutional claims against the United States and Federal Bureau of Prisons be, and hereby are, dismissed with prejudice, 28 U.S.C. § 1915(e)(2)(B)(iii); and it is further

ORDERED that the Rehabilitation Act claim be, and hereby is, dismissed in its entirety, 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that the Clerk shall terminate the Bureau of Prisons from this action; and it is further

ORDERED that Plaintiff's motion for the appointment of pro bono counsel under 28 U.S.C. § 1915, ECF No. 2, be, and hereby is, granted; and it is further

ORDERED that the Clerk shall select an attorney from the civil pro bono panel; and it is further

ORDERED that the selected appointed attorney from the civil pro bono panel shall enter a notice of appearance within

8

fourteen (14) days of the date of his or her appointment; and it is further

ORDERED that the time for service under Federal Civil Rule of Civil Procedure 4 be, and hereby is, stayed pending further Order of the Court; and it is finally

ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.